**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

KENNETH L. BROWN,               :
                                         Civil Action No. 09-4647 (RBK)
          Petitioner,           :

     v.                         :    **OPINION**

WARDEN J. GRONDOLSKY,           :

          Respondent.           :

**APPEARANCES:**

Petitioner pro se                Counsel for Respondent
Kenneth L. Brown                 James B. Clark, III
F.C.I. Fort Dix                  Asst. U.S. Attorney
P.O. Box 2000                    970 Broad Street
Fort Dix, NJ 08640               Suite 700
                                 Newark, NJ  07102

**KUGLER**, District Judge

   Petitioner Kenneth L. Brown, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is the Warden.

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the
   Supreme Court, any justice thereof, the district courts
   and any circuit judge within their respective
   jurisdictions.
   (c) The writ of habeas corpus shall not extend to a
   prisoner unless-- ... (3) He is in custody in violation
   of the Constitution or laws or treaties of the United
   States ... .

Because it appears from a review of the parties' submissions that Petitioner is not entitled to relief, the Petition will be denied.

## I. BACKGROUND

On November 1, 1999, after serving approximately three years on a state sentence for drug offenses, Petitioner was released from the Lorain Correctional Institution in Ohio and placed on parole supervision.

On June 7, 2000, Petitioner was arrested at his residence in Ohio, by Agents of the Federal Bureau of Investigation, apparently in connection with the activities of a joint federal-state task force, and was immediately transported to the Cuyahoga County Jail in Ohio.  (Answer, Decl. of Forest Kelly, Ex. 3.)

Pursuant to a federal writ of habeas corpus ad prosequendum, the United States Marshals Service took physical custody of Petitioner on June 8, 2000, June 12, 2000, and June 14, 2000, and returned him to the custody of state authorities on the same day, each day.  See United States v. Brown, Criminal No. 00-0290 (N.D. Ohio); (Answer, Decl. of Forest Kelly, Ex. 3.).  On July 12, 2000, again pursuant to a federal writ of habeas corpus ad prosequendum, the United States Marshals Service took physical custody of Petitioner for federal criminal proceedings and retained physical custody until November 15, 2000, when he was returned to state custody.

At his initial appearance in federal court on June 8, 2000, federal authorities advised the Court that state parole authorities were present at the time of Petitioner's arrest, that they intended to pursue a parole violation proceeding, that Petitioner was a county prisoner at that time, and that he was present in federal court pursuant to a writ of habeas corpus ad prosequendum.  Petitioner's counsel, present at the time, did not dispute this characterization and only wondered what procedure should be followed if state authorities determined not to pursue a parole violation.

> MR. GIULIANI:  I don't have a problem with that agreement [to indefinite continuance on the motion for pretrial detention and placement of a federal detainer with the county sheriff], Your Honor.  The only thing that I could foresee is that the Adult Parole Authority never places a holder on him, and what time limit do we go by to come back to the Court and say he's nobody's prisoner?
>
> THE COURT:  You have to take that up with your friends down at the state.

(Petition, Ex., Excerpts of Preliminary Examination.)

Thereafter, (1) on June 9, 2000, a federal criminal complaint was filed, (2) on July 5, 2000, a federal indictment was filed, and (3) on November 14, 2000, pursuant to a guilty plea, judgment was entered against Petitioner in federal court, including a term of imprisonment of 262 months for possession of live ammunition, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute over fifty grams of crack

cocaine, in violation of 21 U.S.C. § 841(a)(1).  See United States v. Brown, 20 Fed.Appx. 387, 2001 WL 1178305 (6th Cir. Sept. 24, 2001).  By the terms of the federal judgment, Petitioner's federal sentence was not to run concurrently with any term of incarceration Petitioner may receive as a result of the revocation of his state parole.

Also during this same time frame, on June 23, 2000, Petitioner was produced to a state parole violation hearing, and Petitioner's state parole was revoked that same day.  (Petition, Unnumb. Ex., Request for Administrative Remedy, "Parole revocation did not occur until a June 23, Ohio hearing.")  At that hearing, Petitioner's counsel questioned the jurisdiction of the Parole Board to proceed, arguing that Petitioner was in the primary custody of federal authorities, but the Hearing Officer disagreed.

> That's not my understanding.
> As I said, the US marshals can come and borrow Mr. Brown or take Mr. Brown from this institution any time they want, as long as they have the legal authority to do that.
> However, if Mr. Brown is here and the parole board also has time frames that we are required to act in order to ensure that Mr. Brown is due processed.  So he's here, we have the witnesses here, no one has taken him to date, he's been here.
> So I'm going to proceed with the hearing --

(Petition, Ex., Excerpts of Parole Violation Hearing, at 11-12.)

As noted above, the U.S. Marshals Service returned Petitioner to state authorities, at the Lorain Correctional

4

Institution, on November 15, 2000, to finish his state sentence. He remained in state custody until September 12, 2002, when he was released to federal authorities.

The Bureau of Prisons has conducted a sentence computation, determining that Petitioner's federal sentence commenced on September 12, 2002, and that, with all projected good conduct time, his anticipated release date is November 28, 2021. (Answer, Decl. of Forest Kelly, Ex. 7.)

Petitioner contends that he was always in the primary custody of the federal government, from the date of his arrest, and that he is entitled to credit against his federal sentence for the entire period from the date of his arrest, June 7, 2000, until he was "returned" to primary federal custody on September 12, 2002, a period of more than two years.[2]

---

[2] Petitioner also appears to argue that the federal court in Ohio lacked jurisdiction to enter a criminal judgment. This is a challenge to the validity of the sentence as imposed and must be asserted in a direct appeal or motion to vacate sentence pursuant to 28 U.S.C. § 2255. In the absence of any showing that relief under § 2255 is "inadequate or ineffective to test the legality of his detention," see 28 U.S.C. § 2255(e), this Court lacks jurisdiction to hear Petitioner's challenge to the jurisdiction of the trial court and to the validity of the judgment, itself. Accordingly, this claim for relief will be dismissed without prejudice.

As it appears that Petitioner has already appealed the sentence, without raising this claim, and as it appears that more than one year has passed since the judgment became final, making any § 2255 motion untimely, it does not appear that it would be in the interest of justice to sever this claim and transfer it to a court which would have jurisdiction to hear it. See 28 U.S.C. § 1631.

Respondents concede that Petitioner has exhausted his administrative remedies with respect to this claim.

## II. ANALYSIS

Petitioner alleges that federal authorities either maliciously or mistakenly delivered him to the primary custody of state authorities on June 7, 2000, that he should be deemed to have been in primary federal custody from the date of his arrest and, as well, on the date his federal sentence was imposed, and that he should, therefore, receive credit against his federal sentence continuously from the date of his initial arrest. Petitioner has failed to establish a right to relief on this claim.

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence

6

>  service of sentence at, the official detention facility at which the sentence is to be served.
>
>  (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>>  (1) as a result of the offense for which the sentence was imposed; or
>>
>>  (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>  that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

When two different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who acquires custody first in time has primary jurisdiction over the defendant. See Chambers v. Holland, 920 F.Supp. 618, 622 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996) and cases cited therein.

>  Primary jurisdiction remains vested in the [jurisdiction] which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence. ... See also: Roche v. Sizer, 675 F.2d 507, 510 (2d Cir.1982) (holding that federal court relinquished jurisdiction by releasing prisoner on bail). ... Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody.

Chambers, 920 F.Supp. at 622 (citations omitted).

Moreover, even where human error may serve as a triggering event for an exchange of primary jurisdiction, subsequent conduct

7

by state and federal authorities may acknowledge a return to the status quo.  Thus, where federal officials mistakenly "arrested" a state prisoner, and jail officials mistakenly released him to federal custody, "the federal court then voluntarily relinquished that superior jurisdictional right over [the prisoner] by issuing the writ of habeas corpus ad prosequendum.  The writ acknowledged nunc pro tunc the priority jurisdiction of the [State] and the federal authorities' intention to return [the prisoner] to the state upon completion of the federal court proceedings."  Sanders v. Federal Bureau of Prisons, 2009 WL 1917093, *4 (W.D. Va. June 30, 2009), aff'd, 333 Fed.Appx. 791 (4th Cir. 2009), cert. denied, 130 S.Ct. 2122 (2010).  See also Baymon v. Jett, 2010 WL 1687805 (D.Minn. Feb. 11, 2010), Report and Recommendation Adopted as Modified, 2010 WL 1687793 (D.Minn. Apr. 26, 2010) (same).

"Multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently."  18 U.S.C. § 3584(a).  A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited, however, to cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment.  18 U.S.C. § 3584(a).  Where a state sentence has not yet been imposed, a federal court has no authority to order

8

that its term of imprisonment shall run concurrently with a term of imprisonment that may be imposed in the future with respect to pending state charges.  See Romandine v. United States, 206 F.3d 731, 737 (7th Cir. 2000); United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998); United States v. Smith, 101 F.Supp.2d 332, 342-47 (W.D. Pa. 2000); United States v. McBride, 2000 WL 1368029 (E.D. Pa. Sept. 13, 2000).  Cf. Barden v. Keohane, 921 F.2d 476, 484 (3d Cir. 1990) (noting that "the sentencing court not only was unable to order concurrency because it sentenced Barden before the state did but was actually powerless to do so"). Contra United States v. Williams, 46 F.3d 57, 58-59 (10th Cir.), cert. denied, 516 U.S. 826 (1995).

The BOP, however, in the exercise of its discretion, has authority to designate as a place of federal confinement, nunc pro tunc, the facilities in which a federal prisoner such as Petitioner served an earlier state sentence.  See Barden, 921 F.2d at 480-83 (a defendant is entitled to "fair treatment" on his application for a nunc pro tunc designation); 18 U.S.C.

§ 3621(b).[3]  The decision of the BOP is subject to judicial review only for abuse of discretion.  Barden, 921 F.2d at 478.

Pursuant to BOP Program Statement 5160.05, "State institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system."  P.S. 5160.05 ¶ 3(a) (2003).  The BOP's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors.  The Program Statement specifically addresses requests by prisoners for a nunc pro tunc designation.

> (4) **Inmate Request.**  Occasionally, an inmate may request a nun pro tunc (i.e., occurring now as though it had occurred in the past) designation.  As a result of the decision in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation.
> > (a) In Barden, the court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences.
> > - However, there is no obligation under Barden for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.

---

[3] Section 3621(b) provides that, "The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable ... ."

10

> (b) This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution. Information will be gathered, if available, to include:
> - a copy of the federal and state J&Cs
> - the State sentence data record to include jail credit, and
> - any other pertinent information relating to the federal and state sentences.
>
> (c) In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the RISA will send a letter to the sentencing court (either the chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections.  Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.
>
> (d) If, after 60 days, a response is not received from the sentencing court, the RISA will address the issue with the Regional Counsel and a decision will be made regarding concurrency.
>
> (e) No letter need be written if it is determinated that a concurrent designation is not appropriate. ...

P.S. 5160.05, ¶ 9(b).  With respect to state court pronouncements that state sentences are to run concurrently with federal sentences, the Program Statement notes that, "Just as the federal government has no authority to prescribe when a state sentence will commence, the state has no authority to order commencement of a federal sentence."  P.S. 5160.05, ¶ 7(g).

11

Here, the BOP properly determined that Petitioner was in the primary custody of state officials immediately following his arrest and until he was released to federal authorities in 2002. Nothing in the record suggests that the transfer of primary jurisdiction to state authorities was mistaken or malicious. To the contrary, the record establishes that state parole authorities were present at the time of Petitioner's arrest. At Petitioner's initial federal appearance, all parties understood that Petitioner was in the primary custody of state authorities, as acknowledged by the federal court's issuance of a writ of habeas corpus ad prosequendum. Similarly, at Petitioner's state parole revocation hearing, the hearing officer rejected the suggestion that Petitioner was in the primary custody of federal officials.

Thus, the Bureau of Prisons properly concluded that Petitioner's federal sentence did not commence until September 12, 2002. In addition, in light of the federal judge's objection to concurrent running of the state and federal sentences, the BOP did not abuse its discretion when it rejected Petitioner's request for a nunc pro tunc designation of the state prison as a place for serving his federal sentence. Finally, as it appears that Petitioner was credited by state authorities with all time

from the date of his arrest,[4] the BOP did not err in declining to grant Petitioner credit for any of that time against his federal sentence.

Petitioner is not entitled to relief on this claim.

### III. CONCLUSION

For the reasons set forth above, the challenge to Petitioner's sentence, as imposed, will be dismissed without prejudice for lack of jurisdiction.  In all other respects, the Petition will be denied.  An appropriate order follows.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: June 28, 2010

---

[4] Although the record does not contain evidence of the State of Ohio's computation of Petitioner's state sentence, Petitioner has not presented any argument or evidence that the state did not credit him with the time from June 7, 2000, through September 11, 2002.